# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2014

Lyle W. Cayce
Clerk

No. 13-50179
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS ARMANDO SORIANO-SILVA, also known as Jose Armando Soriano-Silva

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-1352-4

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jesus Armando Soriano-Silva appeals the total 36-month sentence he received after a jury convicted him of conspiracy to bring and to attempt to bring aliens without authorization to the United States for financial gain (Count One) and aiding and abetting (Count Two), conspiracy to transport and attempt to transport illegal aliens within the United States for financial gain

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(Count Three), conspiracy to harbor and attempt to harbor illegal aliens for financial gain (Count Four), conspiracy to encourage and induce the illegal entry of aliens for financial gain (Count Five), and transporting and attempting to transport illegal aliens for financial gain (Count Six).  Soriano-Silva argues (1) that the evidence was insufficient to sustain any of his six convictions and (2) that the district court erred (a) in calculating the number of aliens attributable to him, (b) in overruling his objection to the lack of a minor role reduction, and (c) in allowing hearsay testimony.

We review preserved challenges to the sufficiency of the evidence de novo.  *United States v. Grant*, 683 F.3d 639, 642 (5th Cir. 2012).  Regarding Counts One, Two, Three, Four, and Six, the record is replete with evidence demonstrating that Soriano-Silva had knowledge of and voluntarily participated in a conspiracy that involved bringing in, transporting, and harboring unauthorized aliens.  *See United States v. Mitchell*, 484 F.3d 762, 768 (5th Cir. 2007); *United States v. Nolasco-Rosas*, 286 F.3d 762, 765 (5th Cir. 2002); *United States v. Maltos*, 985 F.2d 743, 746 (5th Cir. 1992).  Accordingly, Soriano-Silva's sufficiency arguments are without merit as to Counts One, Two, Three, Four and Six.  *See United States v. Lopez-Moreno*, 420 F.3d 420, 437-38 (5th Cir. 2005); *United States v. Casilla*, 20 F.3d 600, 603 (5th Cir. 1994).  Regarding Count Five, viewed in the light most favorable to the verdict, the evidence demonstrates that Soriano-Silva participated in a conspiracy and knew or recklessly disregarded the fact that his conduct encouraged or induced illegal aliens to enter or remain in the country.  *See* 8 U.S.C. § 1324(a)(1)(A)(iv); *United States v. Chon*, 713 F.3d 812, 818 (5th Cir.), *cert. denied*, 134 S. Ct. 255 (2013); *Lopez-Moreno*, 420 F.3d at 437-38.

The district court's calculation of the number of illegal aliens attributable to a defendant is a finding of fact that we review for clear error.

*See United States v. Ekanem*, 555 F.3d 172, 175 (5th Cir. 2009); *United States v. Cabrera*, 288 F.3d 163, 168-69 (5th Cir. 2002). Given the evidence presented at trial and the lack of direct evidence to rebut the reliability of the information contained in the presentence report, the district court did not clearly err in attributing 38 undocumented aliens to Soriano-Silva. *See United States v. Ford*, 558 F.3d 371, 376-77 (5th Cir. 2009); *United States v. Betancourt*, 422 F.3d 240, 247 (5th Cir. 2005); *Cabrera*, 288 F.3d at 168-69.

Whether Soriano-Silva was a minor participant is a factual determination that we review for clear error. *See United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005). Soriano-Silva does not establish that he played a "substantially less culpable" role than the "average participant" in the illegal alien smuggling organization. *Id.* at 203-04. Accordingly, the district court's finding that Soriano-Silva was not deserving of a minor role adjustment is not clearly erroneous. *See United States v. Garcia*, 242 F.3d 593, 598-99 (5th Cir. 2001); *United States v. Brown*, 54 F.3d 234, 241 (5th Cir. 1995).

A district court's evidentiary decisions are reviewed for abuse of discretion and are subject to a harmless error analysis. *United States v. Crawley*, 533 F.3d 349, 353 (5th Cir. 2008). The testimony of which Soriano-Silva complains was not hearsay. *See United States v. Dunigan*, 555 F.3d 501, 507 (5th Cir. 2009); FED. R. EVID. 801(c). Moreover, Soriano-Silva cannot demonstrate that any alleged error affected his substantial rights. *See Crawley*, 533 F.3d at 353; *United States v. Cornett*, 195 F.3d 776, 785 (5th Cir. 1999). The judgment of the district court is AFFIRMED.